2011 Ark. 435

**Ellis Charles BUTLER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–1318.**

Supreme Court of Arkansas.

Oct. 13, 2011.

Stuart Carl Vess, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.

PER CURIAM.

Appellant Ellis Charles Butler appeals the denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). He argues on appeal that he did not receive effective assistance of counsel. We affirm.

This case has a complicated procedural history. In 1997, appellant was convicted by a Faulkner County jury of three counts of rape and four counts of violation of a minor in the first degree. He was sentenced to sixteen years on each count of rape and three years on each count of first-degree violation of a minor, to run consecutively for a total of sixty years in the Arkansas Department of Correction. He appealed those convictions, and this court reversed and remanded because the trial court erred in failing to grant a continuance when appellant hired new counsel. See Butler v. State, 339 Ark. 429, 5 S.W.3d 466 (1999). Appellant was retried in 2001, and the jury convicted him of three counts of rape and sentenced him to thirty-two years on each count to be served consecutively for a total of ninety-six years in the Arkansas Department of Correction. This court affirmed that conviction. See Butler v. State, 349 Ark. 252, 82 S.W.3d 152 (2002). Thereafter, due to a mistake by this court's clerk when issuing the mandate, the circuit court denied appellant's timely pro se petition for postconviction relief pursuant to Rule 37.1 as untimely. This court reversed and again remanded the case to the trial court to consider appellant's postconviction petition for relief. See Butler v. State, CR 03–1161, 2004 WL 2610063 (Ark. Nov. 18, 2004) (unpublished per curiam). On remand, the trial court entered an order denying with prejudice two Rule 37.1 petitions filed pro se by appellant and denying appellant's motion, filed by counsel, for leave to file an amended petition. This court again reversed and remanded, holding that the trial court was without jurisdiction to rule on the pro se motions and that the trial court had abused its discretion in denying counsel's motion for leave to amend the Rule 37.1 petition. See Butler v. State, 367 Ark. 318, 239 S.W.3d 514 (2006) (per curiam).

On March 9, 2007, appellant filed, through counsel, an amended Rule 37.1 petition, alleging that his trial counsel was ineffective (1) for failing to object, move for mistrial, or move for a reduction in appellant's sentence on the grounds that appellant was a victim of vindictive sentencing in violation of the Fifth and Fourteenth Amendments; (2) for failing to specifically inquire, object, or move for mistrial when the trial court had communications with a juror and when the trial judge gave an implied "dynamite charge," instructing the jury to continue deliberating after a juror informed the court that he wanted to acquit; (3) for failing to move to strike a potential juror for cause

during voir dire; and (4) for referring during voir dire to the fact that appellant had previously been tried for rape.

On October 1, 2009, the circuit court entered an order denying appellant's Rule 37.1 petition. It found that the burden to prove vindictiveness with regard to sentencing was on the appellant, that appellant failed to present any evidence of actual vindictiveness, and that his trial counsel's failure to object on that basis did not fall below an objective standard of reasonableness to constitute ineffective assistance; that any concern regarding the trial judge's instruction to the jury to continue deliberations was addressed by the Arkansas Supreme Court on direct appeal when it held that the trial court did not abuse its discretion in denying appellant's motion for mistrial; that appellant's trial counsel's decision not to strike a potential juror for cause was trial strategy and not proper grounds for postconviction relief; and that appellant failed to show that his counsel's reference to appellant's previous rape case during voir dire fell below an objectively reasonable standard, and appellant did not establish that there was a reasonable probability that, but for the "unprofessional error," the outcome of appellant's case would have been different. Appellant filed a timely notice of appeal from the circuit court's order, and the issues are properly before this court at this time.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). As to the prejudice requirement, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Sparkman v. State,* 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Moreover, matters of trial strategy and tactics, even if improvident, generally do not provide a basis for ineffective-assistance claims. *Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004).

## I. Vindictive Sentencing

For his first argument on appeal, appellant maintains that the circuit court erred in finding that his trial counsel was not ineffective for failing to object, move for mistrial, or move for a reduction of sentence on the basis of vindictive sentencing. Specifically, appellant maintains that, after he successfully appealed his first conviction, he was retried, convicted a second time, and sentenced to thirty-six years longer than he had been sentenced to orig-

inally. Appellant claims that *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), stands for the proposition that a presumption arises where a trial judge sentences a defendant to a harsher sentence on retrial and that the sentencing court is required to fully explain why the sentence is more severe after a new trial. Appellant maintains that the record of his second trial is devoid of any affirmative facts that justified a more severe sentence, and, therefore, his trial counsel was derelict in not objecting on that basis.

Appellant is correct that the Supreme Court in *Pearce* established a presumption of vindictiveness where the defendant is punished more severely on retrial. 395 U.S. at 726, 89 S.Ct. 2072 ("[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear ... [and] must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding"). However, the *Pearce* decision has been limited in subsequent Supreme Court jurisprudence. In *Chaffin v. Stynchcombe,* the Court held that the rendering of a more severe penalty by a jury upon retrial does not give rise to the presumption so long as the jury is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness. 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). We have noted that *Chaffin* does not require that the jury be unaware that the appellant has previously been tried, just that they not know the specific sentence that he received. *Smith v. State,* 286 Ark. 247, 691 S.W.2d 154 (1985). The *Chaffin* Court, in discussing the *Pearce* presumption, stated that it

was not written with a view to protecting against the mere possibility that,

once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process.

*Chaffin,* 412 U.S. at 25, 93 S.Ct. 1977. Moreover, the Court observed in *Texas v. McCullough,* that a jury, unlike a judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication. 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). In *McCullough,* the defendant received a greater sentence from the trial judge following retrial than he had received from the jury in his first trial. The Court specifically stated that "[t]he presumption is ... inapplicable because different sentencers assessed the varying sentences that McCullough received." *Id.* at 140, 106 S.Ct. 976; *see also Hudgens v. State,* 324 Ark. 169, 919 S.W.2d 939 (1996) (holding that the trial court failed to establish sufficient facts to overcome presumption of vindictiveness where the same trial judge sentenced defendant in the original trial and on retrial).

In *Alabama v. Smith,* the Court held that the *Pearce* presumption of vindictiveness does not apply when a sentence imposed after trial is greater than that previously imposed after a guilty plea. 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The Court noted that the presumption arises only when "there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictive-

ness." *Id.* at 799–800, 109 S.Ct. 2201 (internal citations omitted).

Furthermore, the Court in *Colten v. Kentucky* refused to apply the presumption where a higher sentence was imposed on de novo review in a jurisdiction that employed a two-tier system of trial courts. 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). In finding that the presumption of vindictiveness established in *Pearce* was not inherent in a two-tier system, the *Colten* court specifically noted that "the court which conducted Colten's trial and imposed the final sentence was not the court with whose work Colten was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly." 407 U.S. at 116–17, 92 S.Ct. 1953. Nonetheless, "[w]here the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *McCullough*, 475 U.S. at 138, 106 S.Ct. 976 (citing *Wasman v. United States*, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984)).

Here, we cannot say that the circuit court clearly erred in finding that appellant's trial counsel was not ineffective for failing to object on the basis of vindictive sentencing. After retrial, the second jury convicted appellant of three counts of rape and sentenced him to thirty-six years for each count—twenty years longer on each count than he had originally been sentenced. However, appellant does not claim that the presumption of vindictiveness applies simply because the second jury sentenced him more harshly than the first jury—an argument that *Chaffin* specifically addresses. Rather, appellant maintains that the trial judge's decision to run those sentences consecutively—for a total of ninety years, which was thirty-six years longer than his original sentence—violated the presumption of vindictiveness where nothing in the record supported a harsher sentence, and the trial judge did not explain his reasons for doing so.[1] Appellant argues that there was a reasonable likelihood that the trial judge imposed a more severe penalty—running his sentences consecutively upon retrial—on the basis of vindictiveness.

Appellant's argument ignores the fact that two different judges presided over his trials. In 1997, Circuit Judge Karen Baker presided over appellant's first trial, and Circuit Judge David Reynolds presided over his second trial in 2001. Because "different sentencers" imposed the two sentences, the presumption of vindictiveness does not arise. As the Court noted in *Colten*, the court that sentenced appellant on retrial was not the same court that had originally sentenced him. Because the presumption did not apply, appellant was required to establish actual vindictiveness, which he did not allege and did not prove. The vindictive-sentence argument had no merit; accordingly, his counsel was not ineffective for not making it. *Monts v. State*, 312 Ark. 547, 851 S.W.2d 432 (1993). The circuit court did not clearly err in rejecting his claim on that basis.

## II. *Implied Dynamite Instruction*

Appellant's next argument on appeal focuses on events that took place during the guilt phase of the jury's deliberation. While awaiting the jury's verdict, an in camera hearing was conducted, wherein the court informed both parties that one juror had expressed a desire to communi-

1. We note that the trial judge ordered appellant's sentences to run consecutively following his original trial as well.

cate with the court. The court responded to the juror with a note and asked, "What do you want to talk to me about?" The juror responded, "Everyone feels I am holding up the process. I am following your instructions. I believe the prosecution only presented to me a case that shows an unusual relationship between a man and a child. I don't believe it was sexual." The court acknowledged to the parties that the juror had informed the court of his vote, but the court did not share the specific content of the juror's note with the parties. Appellant's counsel moved for a mistrial, and the State inquired as to whether the court would consider giving a dynamite instruction, a reference to a jury instruction whereby the court urges the jury to reach a verdict if at all possible. *See* AMI Crim.2d 8102. The court stated that it did intend to give the dynamite instruction, and appellant's counsel objected to the court's doing so with knowledge of the juror's vote. Thereafter, appellant's counsel again requested a mistrial. The court stated that it intended to instruct the jury to continue to deliberate, but the record is silent as to whether the court ever gave any further instruction.

Appellant claims on appeal that his counsel's conduct was professionally deficient. Specifically, he asserts that his counsel was ineffective for failing to make a specific inquiry as to the nature and content of the communication, failing to object and move for mistrial when the court allowed the jury to continue to deliberate, and failing to obtain a ruling for purposes of appellate review. However, appellant provides no citation to legal authority to support his position. He maintains that the trial court gave an "implied" dynamite instruction and that this was error, but he fails to provide any legal support for that contention. We have made it exceedingly clear that we will not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Hollis v. State,* 346 Ark. 175, 55 S.W.3d 756 (2001).

### III. *Failure to Strike Potential Juror for Cause*

■ For his third argument on appeal, appellant maintains that his trial counsel was ineffective for failing to move to strike a juror during voir dire for cause or failing to exercise a peremptory challenge to excuse her. During voir dire, appellant's trial counsel asked the jury pool whether any of them believed that children of any age were always truthful. One juror, who later was seated on the jury that convicted appellant, responded by saying that she believed most children aged nine or ten did not "know about that sort of thing yet" and, "depending on her background, if they were raised right, then I would have to believe the child." Appellant claims that this response shows a predisposition on the part of that juror to believe the testimony of the victim and that his counsel's failure to strike her for cause or use a peremptory challenge to excuse her amounted to a "structural error," rather than a "trial error" so that the second prong of *Strickland*—prejudice—is presumed and not required to be proved. *See McGurk v. Stenberg,* 163 F.3d 470 (8th Cir.1998).

Appellant's counsel testified at the Rule 37.1 hearing that, during his voir dire of the potential juror at issue, he was not convinced that her response reflected any particular bias, that the juror's response was similar to other jurors' responses in the sex-crime cases involving children that he had tried previously, and that her response was "pretty common perception on

the part of most of the people in the ... community." As a result, he testified that he did not think that her response would justify an excuse for cause and that he had not used a peremptory challenge to excuse her because there were other potential jurors he "needed to strike worse."

 The decision to seat or exclude a particular juror may be a matter of trial strategy or technique. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). Matters of trial strategy and tactics are not grounds for a finding of ineffective assistance of counsel. *Id.* Thus, even though another attorney may have chosen a different course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment. *Id.* Based on the testimony given by appellant's defense counsel with regard to the juror's response, we cannot say that the trial court erred in finding that the decision to keep the juror was anything other than trial strategy. Moreover, appellant has failed to demonstrate that he was prejudiced by the juror being seated. A juror is presumed to be unbiased and qualified to serve, and the burden is on the appellant to prove otherwise. *Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001). Prospective jurors who state that they can lay aside prior impressions or opinions and render a verdict based upon the evidence presented at trial are qualified to serve as jurors. *Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990). Here, the juror was questioned individually during voir dire, stated that she had not formed an opinion about appellant's guilt or innocence, and affirmed that she would base her decision on the evidence presented during the trial. Consequently, appellant has failed to meet his burden of proving that the juror was actually biased against him, and, thus, his claim of ineffective assistance of counsel fails. *See How-*

*ard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

## IV. *Voir Dire Reference to Previous Rape Case*

 For his final argument on appeal, appellant contends that his trial counsel was ineffective during voir dire for referencing the fact that appellant had previously been convicted of rape. Appellant's counsel asked the jury pool whether anyone had any reason not yet mentioned that would be a basis for their not being appropriate for the jury. A potential juror responded, "The only other jury that I have sat on was a rape case." Appellant's counsel then stated, "It wasn't this case." The potential juror responded that it was not.

Appellant claims that the prejudice of his counsel's remark is apparent because it informed the jury panel that appellant had been tried for rape previously. Again, appellant provides no citation to legal authority or convincing legal argument to support his position. He claims only that the remark was clearly prejudicial but provides no basis for this court to determine that his counsel's remark amounted to ineffective assistance of counsel. As stated earlier, we have made it exceedingly clear that we will not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001).

Affirmed.

BAKER, J., not participating.