Cite as 2013 Ark. 304

# SUPREME COURT OF ARKANSAS

No. CR-11-252

| | |
|---|---|
| | **Opinion Delivered** September 5, 2013 |
| DELLEMOND CUNNINGHAM<br>APPELLANT | PRO SE APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT, 72CR-08-1654, 72CR-09-247, HON. WILLIAM STOREY, JUDGE |
| v. | |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED. |

### PER CURIAM

In 2009, appellant Dellemond Cunningham was found guilty of being an accomplice to aggravated robbery, an accomplice to theft of property, and a felon in possession of a firearm, as well as intimidating a witness. An aggregate sentence of 444 months' imprisonment was imposed. He appealed the conviction for witness intimidation, and the Arkansas Court of Appeals affirmed. *Cunningham v. State*, 2010 Ark. App. 130.

Appellant subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and appellant brings this appeal. This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

The grounds advanced by appellant for reversal of the order consist of a series of

SLIP OPINION

allegations that he was not afforded effective assistance of counsel at trial and an allegation of prosecutorial misconduct. A review of the Rule 37.1 petition and the order reveals no error in the trial court's decision to deny the petition. When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, ___ S.W.3d ___; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___

2

SLIP OPINION

S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's first point on appeal is that the prosecutor failed to timely disclose the name of an expert witness on gangs, causing interruption of trial preparations as well as a potential *Brady* violation based on any benefit he might have gained from the State's witness. The United States Supreme Court, in *Brady v. Maryland*, 373 U.S. 83 (1963), held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The undisputed evidence at the Rule 37.1 hearing was that the trial court excluded the testimony of the expert witness based on a lack of qualifications and

SLIP OPINION

untimely disclosure, and appellant admits that the expert witness did not testify at trial. Thus, appellant fails to demonstrate prejudice stemming from the alleged prosecutorial misconduct based on untimely disclosure. Moreover, allegations of prosecutorial misconduct could have been raised and addressed at trial. It is well settled that a claim of prosecutorial misconduct standing alone is not a ground for postconviction relief. *Johnson v. State*, 2012 Ark. 225 (per curiam).

In a related argument, appellant contends that his counsel was ineffective for failing to ask for a continuance following the State's disclosure of the expert witness on the basis that the defense may have benefited from the testimony of the expert or had time to consult with its own expert witness on gangs. At the hearing, appellant's attorney testified that she sought to exclude the testimony rather than move for a continuance based on a strategic decision not to emphasize the role of gangs in the case. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Mitchem v. State*, 2011 Ark. 148 (per curiam). Because the decision to move to exclude the testimony rather than seek a continuance was a strategic decision supported by reasonable professional judgment, appellant's claim of ineffective assistance must fail.

For his third argument on appeal, appellant maintains that his counsel was ineffective for failing to excuse a biased juror. During voir dire, appellant's counsel asked a juror if she thought appellant should testify on his own behalf. The juror, who was later seated on the jury, responded by saying that "if he has nothing to hide, it won't hurt anything." Appellant claims

that the juror's response indicates a predisposition for bias on the part of the juror that could not be overcome based on his intention not to testify at trial, a fact that he claims was known by his attorney. Appellant's attorney testified at the Rule 37.1 hearing that she did not believe that the juror's response was an indication of bias and that "a lot of people . . . would like a defendant to testify but it doesn't mean they're gonna hold it against him and she never stated that she would hold it against [appellant]." Counsel also testified that she believed that the juror would be a favorable juror for appellant based on her background and training as well as her responses to other questions and the fact that she was the only African-American juror, the same race as appellant. Finally, during the voir dire phase, the trial court asked the jurors if they could follow the instruction that "[t]he fact that the Defendant did not testify is not evidence of his guilt or innocence and under no circumstances shall be considered by you in arriving at your verdict or verdicts." All of the jurors, including the juror at issue, responded in the affirmative.

The decision to accept or exclude a particular juror may be a matter of trial strategy or technique. *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526 (per curiam). Matters of trial strategy and tactics are not grounds for a finding of ineffective assistance of counsel. *Id.* Based on the testimony given by appellant's trial counsel with regard to the juror's response, we cannot say that the trial court erred in finding that the decision to keep the juror was anything other than trial strategy.

Moreover, appellant has failed to demonstrate that he was prejudiced by the juror's having been seated. Jurors are presumed unbiased and qualified to serve. *Burton v. State*, 2011 Ark. 351. To prevail on an allegation of ineffective assistance of counsel with regard to jury

selection, a petitioner has the heavy burden of overcoming the presumption that jurors are unbiased. *Id.* Here, the trial attorney made the tactical decision that the juror was not biased and would be a favorable juror for appellant, and the juror affirmed that she would not consider the fact that appellant did not testify as evidence of guilt or innocence. Thus, appellant has failed to meet his burden of proving that the juror was actually biased against him; thus, his claim of ineffective assistance of counsel based on this point fails.

Appellant next asserts that his counsel provided ineffective assistance as a result of her failure to request a mistrial following the admission of testimony from a detective as to statements made by appellant's accomplice. Appellant's counsel objected to the detective's testimony as inadmissible hearsay, and the trial court overruled the objection on the basis that the testimony was not being offered for the truth of the matter asserted. Following the testimony, counsel renewed her objection, and the trial court stated that it had already ruled on the objection and then gave a limiting instruction. At the Rule 37.1 hearing, counsel testified that because her objection had been overruled, a motion for mistrial would have been "fruitless" and that she believed her remedy was on appeal.

A mistrial is a drastic remedy that should be granted only when justice cannot be served by continuing the trial. *Hogan v. State*, 2013 Ark. 223 (per curiam). The circuit court has the sound discretion to decide whether to grant a mistrial, and this decision will not be overturned absent a showing of abuse or upon manifest prejudice to the complaining party. *Id.* We have held that a mistrial should be employed only when the error cannot be cured by an instruction to the jury. *Zachary v. State*, 358 Ark. 174, 188 S.W.3d 917 (2004). Not only does appellant fail

6

to demonstrate that a mistrial was warranted, but also he fails to present any evidence that a motion for mistrial would have been granted, particularly in light of the trial court's overruling of counsel's objection.

Appellant next contends that he was denied effective assistance of counsel because his counsel failed to properly introduce a transcript of a police interview of Barving Price. The conviction of appellant for intimidating a witness was based on a finding that he threatened Price for the purpose of influencing his testimony, and this conviction was affirmed on appeal. *Cunningham*, 2010 Ark. App. 130.

During the testimony of a police detective at trial, appellant's counsel unsuccessfully attempted to introduce a transcript of a police interview of Price by the detective in response to the State's theory that appellant threatened Price as a result of the interview. The trial court, following an objection from the State, found that the transcript was inadmissible as follows:

> Again, counsel, one, you had an opportunity when that witness [Price] was testifying to offer it and it was not offered so clearly had there been an objection to that testimony when this witness testified that objection would be sustained. But under, third, and more importantly, under the rules of evidence, that for any purpose is not admissible so for all those reasons I've sustained the State's objection.

Appellant contends that his counsel committed prejudicial error because the trial court would have allowed the admission of the interview transcript during the testimony of Price. He further contends that prejudice resulted because the transcript would have shown the disparity in treatment that he and Price received from the police during their respective interviews. Based on the trial court's finding that the Price interview was not admissible for *any* purpose, appellant's argument that the interview would have been admitted if offered during the

7

testimony of Price must fail. Moreover, appellant fails to establish that he was even prejudiced when the transcript was not admitted because he fails to demonstrate how the alleged disparity in police interview techniques had any relevance to the charges against him.

Finally, appellant alleges that he received ineffective assistance of counsel based on counsel's failure to object to hearsay testimony by the witness, Price. While appellant contends that these statements were prejudicial because they implied that he was an active participant in the robbery, he does not state with any particularity on appeal which statements he is referencing. The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Payton v. State*, 2011 Ark. 217 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* A court is not required to research or develop arguments contained in a petition for postconviction relief. *Id.* In order to demonstrate prejudice for failure to object, appellant must have submitted facts to support the proposition that counsel could have raised a specific meritorious argument and that failing to raise a specific argument would not have been a decision supported by reasonable professional judgment. *Jones v. State*, 2011 Ark. 523 (per curiam). Appellant's reference to hearsay during the testimony of Price, without identifying on appeal the specific statements that he alleges warranted an objection, is not sufficient to support a claim of ineffective assistance of counsel.

Further, even if appellant's general reference to alleged hearsay in Price's testimony was considered sufficiently specific, his argument must still fail. The unspecific nature of the

allegation does not demonstrate prejudice. Whether to object to hearsay is ordinarily a matter of trial strategy, and appellant has not shown that counsel made a specific error or that counsel's conduct was not supported by reasonable professional judgment. *See Hoyle v. State*, 2011 Ark. 321, 388 S.W.3d 901 (per curiam). Experienced advocates might differ about when, or if, objections are called for since, as a matter of trial strategy, further objections from counsel may succeed in making the comments seem more significant to the jury. *Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999). As a matter of trial strategy, counsel's decision not to object to any alleged hearsay cannot be considered a ground for postconviction relief. Appellant's claims fail to rebut the presumption that counsel's conduct was within the wide range of reasonable professional assistance under Rule 37.1. *See Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam).

Having considered the arguments raised by appellant in this appeal, the record, and the order rendered by the trial court, there is no ground on which to reverse the trial court's ruling. Accordingly, the order is affirmed.

Affirmed.

*Dellemond Cunningham*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.