SHAWN A. WOMACK, Associate Justice
Petitioner Dellemond Cunningham was convicted of being an accomplice to aggravated robbery, an accomplice to theft of property, and a felon in possession of a firearm, as well as intimidating a witness, for which he was sentenced to an aggregate sentence of 444 months' imprisonment. He appealed only the conviction for witness intimidation, and the Arkansas Court of Appeals affirmed. Cunningham v. State , 2010 Ark. App. 130, 2010 WL 475348. Cunningham subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and this court affirmed. Cunningham v. State , 2013 Ark. 304, 429 S.W.3d 201 (per curiam). Cunningham now brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends that the prosecution *523 withheld videotape or audiotape evidence of Barving Price's police interview and that Marcus Green, Cunningham's accomplice, gave a third-party confession.[1] Because Cunningham fails to demonstrate in the petition that the writ should issue, the petition is denied.
The circuit court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Martinez-Marmol v. State , 2018 Ark. 145, at 2, 544 S.W.3d 49, 51. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 406, 17 S.W.3d 87, 92 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, at 2, 502 S.W.3d 524, 526. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Carner v. State , 2018 Ark. 20, at 2, 535 S.W.3d 634, 636. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, at 11, 425 S.W.3d 771, 777.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Roberts , 2013 Ark. 56, at 11, 425 S.W.3d at 778. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, at 4, 403 S.W.3d 38, 43. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Jackson v. State , 2017 Ark. 195, at 7, 520 S.W.3d 242, 246.
For his first point, Cunningham asserts that the prosecutor withheld material evidence during the trial in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, he alleges that the prosecutor withheld videotape and audiotape evidence of Barving Price's police interview and that the interview would have shown that Price was "led and coerced to make certain statements, implying that [ ] Cunningham was an active participant in the planning [and] aiding of Green in the commission of the aggravated robbery of a bank[.]" Cunningham noted his own interrogation and compared that to Price's in an attempt to expose the police in "their conduct during the said interrogation and interview" of Price. Cunningham fails to demonstrate he is entitled to relief.
There are three elements to a Brady violation: (1) the evidence at issue must be favorable to the accused, either because its exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued.
*524 Jackson v. State , 2018 Ark. 227, at 3, 549 S.W.3d 356, 358-59(citing Carner , 2018 Ark. 20, 535 S.W.3d 634 ). When determining whether a Brady violation has occurred, it must be established by the petitioner that the material was available to the State and that the defense did not have it. Cloird v. State , 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004).
Cunningham's Rule 37 appeal reveals that he challenged his counsel's ability to properly introduce a transcript of a police interview of Barving Price. See Cunningham , 2013 Ark. 304, at 7-8, 429 S.W.3d 201, 207-08. During the detective's testimony, Cunningham's counsel attempted unsuccessfully to admit evidence of Price's police interview, which Cunningham contended would have shown the disparity in treatment that he and Price received during their respective interviews. Id. Cunningham had also argued that his counsel should have objected to Price's testimony as hearsay because the testimony "implied that he was an active participant in the robbery." Cunningham, 2013 Ark. 304, at 8, 429 S.W.3d at 208. Clearly, any video or audio recording of Price's police interview was not extrinsic to the record, and Cunningham was well aware of its existence at the time of trial. Simply put, Cunningham fails to allege facts sufficient to support his claim of a Brady violation.
For his second point, Cunningham contends that Green, his accomplice, gave a third-party confession by pleading guilty to the charged offense of aggravated robbery prior to Cunningham's trial. The very nature of Cunningham's argument-that his accomplice confessed by pleading guilty-fails to establish a ground for issuance of the writ because a writ of error coram nobis is available for addressing a third-party confession to the crime during the time period between conviction and appeal. See Howard , 2012 Ark. 177, at 4, 403 S.W.3d at 43. Both Cunningham and Green were accomplices, and Cunningham had not been convicted when Green allegedly made this third-party confession. Even if Green's guilty plea could arguably be deemed a "third-party confession," it does not fall within the time period during which Cunningham could have raised such a claim for coram nobis relief-between conviction and appeal. See Howard , 2012 Ark. 177, at 4, 403 S.W.3d at 43. Cunningham has failed to demonstrate the writ should issue.
Petition denied.

Attached to Cunningham's petition is a pleading titled " 'Supplemental Pleading' Toward Petition for Error Coram Nobis" in where he attempts to raise multiple claims of ineffective assistance of counsel as a basis to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Those claims, however, are not cognizable in a coram nobis proceeding under our state law. Martinez-Marmol , 2018 Ark. 145, at 6, 544 S.W.3d at 53. Coram nobis proceedings are not to be used as substitute for raising claims of ineffective assistance of counsel under our postconviction rule. Id.