In support of his Brady claim, Davis attached to his petition copies of documents titled "agreed recommendation of punishment." The agreements specify that prosecutors would recommend that Frawley serve a two-year sentence in a regional-punishment facility (RPF), and that this punishment was to be served consecutively to other sentences that would be imposed in three separate pending criminal cases.[1]
*670 Davis asserts that by failing to disclose that Frawley would serve time in an RPF as opposed to the ADC as the prosecutor's comments suggested, the prosecution deprived Davis of additional impeachment evidence he could have used to discredit Frawley's testimony. Obviously, RPF time is a "sweeter deal" than ADC time, so if we assume the veracity and completeness of the attachments to Davis's petition, his petition establishes the first prong of Brady .
However, Davis's claim simply does not satisfy the prejudice prong of Brady ; the evidence would not have created a "reasonable probability" of a different outcome. A review of the trial transcript and introduced exhibits reveals that, after the perpetrators robbed the victim of her money and belongings (including her cell phone) and left her tied up in the woods, they drove off in the victim's green Mercedes. Nearly immediately after the victim was left in the woods, her cell phone was used to call Davis's mother at her residential address. There was no existing relationship between the victim and the defendant's mother nor any alternative explanation as to why the victim's stolen cell phone would be used to call the defendant's mother other than that the defendant took the phone and made the call. Another witness testified that a man she knew and another man named "Michael" picked her up in a green Mercedes matching the victim's vehicle on the night of the crime, and that the men had a "big wad of cash" with them. Moreover, the arresting officer testified that when he approached Davis, Davis told the officer his name was Kevin Alexander. After admitting his name was actually Michael Davis, Davis told the officer, without prompting, "I didn't do any of that stuff, and you can't prove it." When the officer responded, "what stuff," Davis replied, "I didn't do that stuff with that woman."[2] The burden is on Davis to substantiate the merit of a Brady claim, which requires a showing of a reasonable probability of a different outcome. Mosley , 2018 Ark. 152, 544 S.W.3d 55. Davis fails to meet that burden in light of the additional evidence presented at trial.
Petition denied; motion moot.

The case numbers listed in the agreements in which it was recommended that Frawley receive consecutive sentences for the charged offenses are 60CR-98-851, 60CR-98-764, and 60CR-98-793. The agreements also seem to recommend a concurrent sentence for at least one count charged in case number 60CR-98-793.

It is unclear if any issue was ever made of a potential Miranda violation, but this evidence is certainly contained in the trial record. The arresting officer characterized Davis's statements as spontaneous, and the defense raised no objection.