RHONDA K. WOOD, Associate Justice
James Johnson III requests this court to reinvest jurisdiction in the trial court so that it may consider a writ of error coram nobis. Although Johnson titles his motion as one to recall the mandate to seek this writ, he is mistaken in how to title the motion. Instead, we consider the motion for the substantive relief requested and treat it as a petition for writ of error coram nobis. We conclude that Johnson's petition is without merit. Accordingly, we deny relief.
To understand his petition, a brief explanation of the facts is necessary. Charles Gaskins died as a result of an aggravated robbery by two masked men. While investigating the murder scene, a detective was notified that a confidential informant identified Johnson as a suspect. Later that day, the police stopped a car in which Johnson was a passenger. Johnson sat in the back-passenger seat while Johnson's codefendant, Donte Davis, sat in the front-passenger seat. Police arrested both Johnson and Davis. A gun located under Johnson's seat was identified as the murder weapon. Police also confiscated a cell phone that Johnson used to send a text stating that he would be gone for life if caught on "this here charge." Finally, two women passengers in the car implicated Johnson in the murder. Johnson was convicted of capital murder, and this court affirmed. Johnson v. State , 2015 Ark. 387, 472 S.W.3d 486.
In his motion, Johnson primarily disputes the sufficiency of the evidence. He also alleges various trial errors and ineffective assistance of counsel. Specifically, he contends that he was never identified at the murder scene, that there were defects in a search warrant and some seizures, *409 that the gun found in the car did not belong to him and instead belonged to Rhakelle Brown, and that testimony about the statements he made after returning to the car were admitted in error. Additionally, Johnson asserts claims concerning the lack of aid rendered to the victim, the admission of Brown's testimony without corroboration, testimony from an expert about the identification of the gun as the murder weapon, and another expert's testimony on the lack of DNA evidence.
Johnson also attached an affidavit to his motion from Davis that implicated Brown as Davis's true accomplice in the robbery. In the affidavit, Davis asserts that Johnson had no knowledge of the murder, that Johnson was picked up after the murder, and that both the phone found on Johnson, and the gun found in the car, belonged to Brown. Johnson appears to contend that this affidavit is newly discovered evidence that would exonerate him when considered in connection with alleged violations of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) arising from the traffic stop that uncovered the murder weapon.
A writ of error coram nobis is an extraordinarily rare remedy, and coram nobis proceedings are attended by a strong presumption that the conviction is valid. Makkali v. State , 2019 Ark. 17, 565 S.W.3d 472. Fundamentally, the writ is a means of obtaining relief from a judgment when there existed some fact that would have prevented its rendition if the trial court had known of its existence at the trial. Id. Of course, the concealment of this fact cannot be attributable to the defendant's own negligence, and it is the petitioner's burden of demonstrating a fundamental error of fact extrinsic to the record. Id.
The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. These errors fall into one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Martin v. State , 2018 Ark. 344, 2018 WL 6380740. Finally, the writ is only granted to correct some error of fact. Mosley v. State , 2019 Ark. 14, 2019 WL 311002. It does not lie to correct trial error or to contradict any fact already adjudicated. Id.
Johnson alleges that a Brady violation occurred, which falls within the third category of fundamental error warranting the writ's issuance. See Isom v. State , 2018 Ark. 368, 563 S.W.3d 533. Johnson, however, fails to identify any specific evidence that was withheld. The mere fact that a petitioner alleges a Brady violation is not sufficient to provide a basis for coram nobis relief. Id. While a third-party confession, can be a ground for the writ, Davis's affidavit-confessing to the robbery and blaming Brown for the shooting-does not fall within the time period during which a writ of error coram nobis is available. Cunningham v. State , 2019 Ark. 9, 564 S.W.3d 521. Indeed, this type of claim must be raised after the conviction, but before the case is decided on appeal. Smith v. State , 301 Ark. 374, 784 S.W.2d 595 (1990). Johnson also alleged more specifically that the evidence against him was insufficient. But the writ will not lie to retry the defendant or to reexamine the strength of the evidence adduced at trial. Davis v. State , 2019 Ark. 20, 566 S.W.3d 111. A challenge to the sufficiency of the evidence constitutes a direct attack on the judgment and is not cognizable in a coram nobis proceeding. Buchanan v. State , 2019 Ark. 19, 565 S.W.3d 469.
*410 Finally, Johnson's ineffective assistance of counsel claims are not cognizable in a coram nobis proceeding. Martinez-Marmol v. State , 2018 Ark. 145, 544 S.W.3d 49. Coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under our postconviction rule. Cunningham , 2019 Ark. 9, 564 S.W.3d 521. Because Johnson fails to identify any facts to support the only basis for the writ that he alleges, we deny the petition.
Motion treated as a petition for writ of error coram nobis; petition denied.