Cite as 2019 Ark. 299

# SUPREME COURT OF ARKANSAS

No. CR-14-484

| | | |
|---|---|---|
| STANLEY RAY HUNT II | | Opinion Delivered: October 24, 2019 |
| | PETITIONER | |
| | | |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | | [FAULKNER COUNTY CIRCUIT COURT, NO. 23CR-13-186] |
| | RESPONDENT | |
| | | |
| | | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

The Arkansas Court of Appeals affirmed petitioner Stanley Ray Hunt II's convictions for three counts of rape and his sentence to an aggregate term of 480 months' imprisonment. *Hunt v. State*, 2015 Ark. App. 53, 454 S.W.3d 771. Hunt filed a petition in this court in which he requests this court's permission to proceed in the trial court with a petition for a writ of error coram nobis to challenge the convictions. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Jackson v. State*, 2018 Ark. 227, 549 S.W.3d 356. Hunt does not provide a meritorious basis for issuance of the writ in his petition, and we deny the petition.

Hunt was convicted of raping his niece, who was fourteen years old when she first reported the abuse to her school principal and vice-principal. Hunt's proposed bases for

issuance of the writ are not completely clear, but Hunt's claims appear to turn on allegations that the prosecution withheld evidence of specific dates on which the victim stated the rapes occurred. He alleges these dates were listed on an incident report made by the school officials to police officers. Hunt also complains that there are discrepancies in the dates of the crimes in the information and amended information charging him, the prosecuting attorney's probable-cause affidavit, a detective's report, and the school-incident report. He seems to contend this was trial error and that the prosecution made false statements because the victim had given specific dates in the incident report.

Hunt further asserts that he was incarcerated during a portion of the date range given for the rapes and that there were violations of *Brady v. Maryland*, 373 U.S. 83 (1963), arising from the prosecution withholding the school-incident report and because information about his incarceration in 2007 was withheld from the jury. Hunt contends that he was prejudiced as a result, that his attorney aided in the commission of the *Brady* violations by stating that no specific date was alleged when the school-incident report indicated a specific date range and time for the crimes, and that there was trial error in the admission of "false" evidence.

We will reinvest jurisdiction in the trial court to consider error coram nobis relief only when the proposed attack on the judgment is meritorious, and in making this determination, we look to the reasonableness of the allegations in the petition and to the probability of the truth thereof. *Davis v. State*, 2019 Ark. 172, 574 S.W.3d 666. A writ of error coram nobis is an extraordinarily rare remedy, and coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661. The function of the writ is to secure relief from a judgment rendered while there

2

existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

Hunt's claims of trial error do not provide a basis for the writ. The writ is only granted to correct some error of fact, and it does not lie to correct trial error or to contradict any fact already adjudicated. *Johnson v. State*, 2019 Ark. 176, 575 S.W.3d 407. Claims of insufficient evidence and claims of alleged false testimony at trial do not support the writ. *Chatmon v. State*, 2017 Ark. 229. Defects in the proceedings, including defects in the charging instruments, that should have been raised during the proceedings are not within the scope of the limited grounds on which the writ may issue. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401. To the extent that Hunt alleges ineffective assistance of counsel, those claims are likewise not cognizable in a coram nobis proceeding. *Johnson*, 2019 Ark. 176, 575 S.W.3d 407.

Allegations of a *Brady* violation, however, fall within the third category of fundamental error warranting the writ's issuance. *Id.* Yet the mere fact that a petitioner alleges a *Brady*

violation is not sufficient to provide a basis for error coram nobis relief, and the burden is on the petitioner to make a full disclosure of specific facts that substantiate the merit of a *Brady* claim. *Davis*, 2019 Ark. 172, 574 S.W.3d 666.

When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial that such evidence existed. *Id.* Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

Hunt was aware at the time of trial that he had previously been incarcerated—in fact, he testified about that incarceration at trial—so that information was not withheld.[1] Hunt also failed to allege any specific facts to support his conclusory claim that the incident report was withheld. While he contends the jury did not see the report, he does not appear to contend that the report was not provided to the defense. A petitioner does not satisfy any ground for granting the writ when he does not allege that there was any evidence extrinsic to the record that was hidden from the defense or that was unknown at the time of trial. *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451.

---

[1]Hunt would not have been prejudiced if it had been. The sentencing order appears to list a specific date for the first rape count that falls outside the April 2007 to November 2007 time frame Hunt alleges he was incarcerated. That date is clearly a scrivener's error because the date range for the first count in the information and testimony at trial was about an approximate range beginning in 2007 and ending in 2008. In any case, the time period that Hunt alleges he was incarcerated does not encompass the entire date range for the offense.

The record on direct appeal contains discovery receipts in which the defense acknowledges having received three different incident reports. The testimony at trial made clear that the school officials were required to report the incident, and Hunt has not shown that the defense was unaware that the victim's statements had to be reported or that the incident reports were not available. In fact, trial counsel cross-examined the victim with her initial sworn statement made in conjunction with the initial report. When the allegations in support of issuance of the writ do not appear either reasonable or truthful, the court is not required to accept the allegations in a petition for writ of error coram nobis at face value. *Mosley v. State*, 2019 Ark. 14.

In any event, Hunt's allegations that he was prejudiced by a withholding of information about the dates in the incident report fail because the report does not give specific dates for the incidents. The report provides only a range of time in which the events were alleged to occur—a span of three years—and those dates were clearly not so specific as to potentially exonerate Hunt. Where the defense is that the sexual acts never occurred and were entirely fabricated, the lack of exact dates is not prejudicial to the defendant. *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003). Trial counsel used the victim's inability to remember any specific dates as an unsuccessful challenge to her credibility, and Hunt has not shown that the information in the incident report would have furthered that purpose or otherwise benefited the defense. He therefore fails to meet his burden to demonstrate a potential error that would have prevented rendition of the judgment had it been known at the time of trial.

Petition denied.

HART, J., concurs.

*Stanley Ray Hunt II*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by:  *Joseph Karl Luebke*, Ass't Att'y Gen., for respondent.