Cite as 2020 Ark. 226

# SUPREME COURT OF ARKANSAS

No. CR-18-546

| | | |
|---|---|---|
| KWASI MCKINNEY | | Opinion Delivered: June 4, 2020 |
| | PETITIONER | |
| | | PRO SE THIRD PETITION TO |
| V. | | REINVEST JURISDICTION IN THE |
| | | TRIAL COURT TO CONSIDER A |
| STATE OF ARKANSAS | | PETITION FOR WRIT OF ERROR |
| | | CORAM NOBIS |
| | | [COLUMBIA COUNTY CIRCUIT |
| | RESPONDENT | COURT, NO. 14CR-16-35] |
| | | |
| | | PETITION DENIED. |

ROBIN F. WYNNE, Associate Justice

Petitioner Kwasi McKinney brings this pro se petition to reinvest jurisdiction in the

trial court to allow him to file a petition for writ of error coram nobis in his criminal case.

It is the third such petition filed by McKinney. In the petition, McKinney alleges that the

writ should issue because (1) while his criminal case was on remand from the Arkansas

Court of Appeals, a third party confessed to him that he was the owner of drugs and scales

seized in the search of McKinney's house; and (2) neither his trial attorney nor his

appellate attorney afforded him effective assistance of counsel. Because neither claim

establishes cause to permit McKinney to proceed in the trial court with a coram nobis

petition, the petition is denied.

I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.[1]

---

[1] We have also recognized that repudiated expert testimony may be grounds for the

2

III. *Background*

In 2016, a jury found McKinney guilty of multiple drug-related offenses.[2] An aggregate sentence of 1848 months' imprisonment was imposed. In 2018, the Arkansas Court of Appeals affirmed McKinney's convictions for delivery and possession of methamphetamine. *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216. The court of appeals reversed and remanded the remaining judgments, holding that the trial court had abused its discretion in denying McKinney's motions to suppress his statement and the search of his house and in denying his request for a hearing on his motion to suppress his statement. After the remand was completed, the trial court entered orders denying McKinney's motion to suppress statement, his motion to suppress search, and his motion for the trial court to recuse itself. On appeal, the court of appeals affirmed all the orders. *McKinney v. State*, 2019 Ark. App. 347, 583 S.W.3d 399.

IV. *Claims for Coram Nobis Relief*

A. Third-Party Confession

In McKinney's first argument that he is entitled to proceed with a petition for writ of error coram nobis in the trial court, he alleges that while his case was on remand from the court of appeals, Sharda Mullins "gave a third party confession" in which he stated that

writ. *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

[2]McKinney was found guilty of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons.

he was the owner of the green Crown Royal bag that was seized from a closet during a raid on McKinney's house. The bag was significant because methamphetamine and scales used to weigh drugs were found in the bag and used as evidence at McKinney's trial. McKinney has appended to his petition Mullins's affidavit in which Mullins avers that the bag was his.

McKinney's petition with respect to a third-party confession between the trial and the completion of the direct appeal was not timely filed. We have held that such a claim for coram nobis relief must be raised during the time period between conviction and appeal. *Cunningham v. State*, 2019 Ark. 9, at 5, 564 S.W.3d 521, 524. McKinney did not bring forth the affidavit until after the direct appeal was completed. He alleges in his petition that Mullins contacted him during the remand, but before he could file a motion to have Mullins testify, the remand hearing ended, and he was returned to the Arkansas Department of Correction.

The initial mandate of the Arkansas Court of Appeals affirming the judgment in part and remanding in part was issued on January 30, 2018. The court of appeals' mandate affirming the judgment following the remand was entered October 17, 2019. The affidavit was not sworn until October 24, 2019, and McKinney did not file the instant petition in this court until February 6, 2020—approximately one year after the initial mandate was issued and almost four months after the second mandate was issued.

### B. Ineffective Assistance of Counsel

McKinney next alleges that jurisdiction should be reinvested in the trial court so that he may raise claims in the trial court that both his trial counsel and his appellate counsel

were ineffective under the standard set by *Strickland v. Washington*, 466 U.S. 668 (1984). Allegations of ineffective assistance of counsel are not cognizable in coram nobis proceedings. *Brown v. State*, 2019 Ark. 348, 587 S.W.3d 550. The claim that a petitioner was denied effective counsel at trial or on appeal does not demonstrate a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *Pugh v. State*, 2019 Ark. 319, 587 S.W.3d 198. Coram nobis proceedings are not to be used as a substitute for timely raising allegations of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2019). *Hutcherson v. State*, 2019 Ark. 318, 587 S.W.3d 204.

Petition denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** McKinney's petition should be granted in part. The credibility of a third-party confession should be determined by the trial court. I would remand to the trial court to make that determination but would deny the claim of ineffective assistance of counsel.

The writ is allowed "only under compelling circumstances to achieve justice and to *address errors of the most fundamental nature*." *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 43 (emphasis added).

> In simple terms, this writ is a legal procedure to fill a gap in the legal system—to provide relief that was not available at trial because a fact exists which was not known at that time and relief is not available on appeal because it is not in the record.

*Strawhacker v. State*, 2016 Ark. 348, at 4, 500 S.W.3d 716, 718–19 (citing *Penn v. State*, 282 Ark. 571, 573–74, 670 S.W.2d 426, 428 (1984)). I believe a third-party confession falls under this definition.

The petitioner seeking a writ of error coram nobis has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). A third-party confession demonstrates a fundamental error of fact. An individual's statement against penal interest has a high degree of reliability. The trial court has the discretion of determining the reliability of that statement that is extrinsic to the record.

This court has routinely stated that due diligence is necessary in a petition for writ of error coram nobis. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. Due diligence in seeking coram nobis relief requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. This court has previously held that petitioners were not diligent when waiting twenty years *Carroll v. State*, 2020 Ark. 160; ten years, *Malone v. State*, 2019 Ark. 273, 584 S.W.3d 676; or even five years. Yet, this court has stated there is no time limit for seeking a writ of error coram nobis. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. This court is moving the target. While I do not agree with the time limitation placed on justice, it is contradictory for this court to pick and choose when to apply its own due-diligence test.

While this court finds the delay in this case untimely, Mullins avers in his affidavit that the bag containing the contraband was his, and his statement was sworn one week after

the mandate was handed down. This is not an unreasonable amount of time. Over the course of four months, McKinney was able to receive the affidavit and prepare his petition and brief to be brought before this court. Considering his situation, this is not an undue delay. It is unreasonable for this court to assume that it is. This court cannot put a de minimis delay over justice.

Mullins's statement against his penal interest should be considered with a high degree of reliability because at the time the affidavit was signed, he had an open drug case in Columbia County. Mullins's admission would have been more harmful than helpful to him because he had another pending drug-related case and thus increased the reliability of his confession.

In the interest of justice, I would remand for findings of fact. Therefore, I dissent.

*Kwasi McKinney*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for respondent.