SLIP OPINION

Cite as 2015 Ark. 432

# SUPREME COURT OF ARKANSAS

No. CR–15–330

| | |
|---|---|
| DERECK PELLETIER | **Opinion Delivered** November 19, 2015 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-12-854] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHARLES CLAWSON, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Dereck Pelletier appeals from a Faulkner County Circuit Court order denying his petition for postconviction relief. He filed the petition seeking relief from the sentence that he had received pursuant to a negotiated–plea agreement. In the petition, he asserted various theories for relief, but at the circuit court hearing, he abandoned all of the claims except his request for a writ of error coram nobis. On appeal, he argues that the circuit court erred when it failed to grant his petition for the writ. We affirm the circuit court.

Pelletier was charged with thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, first offense, a violation of Arkansas Code Annotated section 5-27-602 (Repl. 2013). The charges stemmed from his on-line sharing of thirty pornographic images involving children. The recipient was Shannon Cook, an investigator with the Faulkner County Sheriff's Department. He pled guilty to all charges in exchange for a sentence of ten years on each of the charges, with six of the charges set to run consecutively and the balance of the charges set to run concurrently. Effectively,

Pelletier received a sixty-year sentence in the Arkansas Department of Correction. The sentencing order was filed on June 26, 2013. Pelletier did not petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure within the time specified by the rule.

On June 20, 2014, Pelletier filed a pro se petition for writ of error coram nobis and other relief. He subsequently retained counsel. Pelletier's final petition stated that he had been illegally sentenced for thirty crimes because he had sent only a single computer file, which made his conduct "one (1) crime, one (1) sequence of events, one (1) impulse that was uninterrupted, one (1) episode, on one (1) screen, at one (1) and only one (1) time." After an October 29, 2014 hearing at which he was represented by counsel, the circuit court denied his petition. The circuit court found that the relief Pelletier was seeking was more in the nature of Rule 37 relief, which was untimely; that Arkansas Code Annotated section 5-27-602 did not prohibit each photograph supporting a separate charge; and that Pelletier was not coerced into accepting the plea recommendation.

On appeal, Pelletier argues that the circuit court erred in denying his petition. He reminds us that the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the circuit court and which, through nonnegligence or fault of the defendant, was not brought forward before rendition of the judgment. Citing *Riley v. State*, 2015 Ark. 232 (per curiam), he acknowledges that a writ of error coram nobis is an extraordinarily rare remedy, available to address certain errors that are found in one of four categories: insanity at the time of trial,

a coerced guilty plea, material evidence withheld by the prosecutor, or a third–party confession to the crime during the time between conviction and appeal. Pelletier nonetheless asserts that a writ of error coram nobis is the appropriate remedy in this case because his guilty plea was "coerced" and "illegal." He contends that the judge, the prosecutor, and his own counsel led him to believe that he had committed thirty separate offenses, which he argues was false. Pelletier argues that under Arkansas Code Annotated section 5-1-110(a)(5) (Repl. 2013), he could not have been convicted of more than one offense because his sharing of the file was one continuous course of conduct. The statute states,

> (a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. However, the defendant may not be convicted of more than one (1) offense if:

> (5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense,

*Id.* He contends that he pled guilty because he relied on the "misconception" of his trial counsel and the prosecutor that the sentencing offer was a "good deal" and because the judge, the prosecutor, and his own counsel were "unaware" of section 5-1-110(a)(5).

Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. We review decisions of the circuit court granting or denying a writ of error coram nobis under an abuse-of-discretion standard. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. An abuse-of-discretion lies when the circuit court's decision is rendered improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

3

We believe that the case before us is squarely controlled by our recent decision in *Nelson v. State*. In *Nelson*, this court affirmed the circuit court's denial of a writ of error coram nobis. As in *Nelson*, Pelletier does not claim that he was innocent or that his plea was coerced "as a result of fear, duress, or threats of mob violence." *Id*. at 4. Further, like the appellant in *Nelson*, Pelletier does not assert that he was subjected to any type of mistreatment or forced to go before the court and enter his plea. *Id*. The *Nelson* court held that the mere pressure to plead guilty, occasioned by the fear of a more severe sentence, is not coercion. *Id*. The acts described by Pelletier as "misconception" on the part of his counsel, the prosecutor, and the trial judge do not constitute the type of coercion required for coram nobis relief.

We likewise find that Pelletier's argument concerning the dictates of section 5-1-110(a)(5) does not entitle him to a writ of error coram nobis. Section 5-1-110 is Arkansas's double-jeopardy statute. Double-jeopardy claims do not fall within any of the four categories of recognized claims. *Watts v. State*, 2013 Ark. 485 (per curiam).

Finally, to the extent that Pelletier argues that his decision to plead guilty was occasioned by an erroneous interpretation of law by his trial counsel, that complaint sounds under Rule 37.1 of the Arkansas Rules of Criminal Procedure. As noted previously, he did not timely file a petition under Rule 37.1. Coram nobis proceedings are not a substitute for proceeding under Rule 37.1. *Nelson*, *supra*. We are mindful that the federal courts treat petitions for writs of error coram nobis differently than we treat such petitions in state court. Nonetheless, we decline Pelletier's invitation to overrule our cases and expand our coram

SLIP OPINION

nobis jurisprudence to include ineffective-assistance-of-counsel claims.

Affirmed.

*Cortinez Law Firm*, by: *Robert R. Cortinez, Sr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.