SHAWN A. WOMACK, Associate Justice
Pursuant to the Arkansas Freedom of Information Act, petitioner Randy Turrell Johnson[1] brings this pro se motion seeking a copy at public expense of all written material pertaining to his 1998 conviction of capital murder. Johnson appended an affidavit of indigency to his motion.
Johnson appealed from the judgment, and this court affirmed. Johnson v. State , 337 Ark. 477, 989 S.W.2d 525 (1999). Johnson asks to be provided with a copy of all material from that case and prior cases, including his history of prior arrests, all docket sheets from prior charges, interrogation transcripts, the housing log of the county-detention facility, and the investigators' notes. Because this court has in its possession only that material that was made a part of the record on appeal of the capital-murder conviction, this court rules on the motion only as it concerns that record.
The Arkansas Freedom of Information Act, codified as Arkansas Code Annotated sections 25-19-101 to -111 (Supp. 2017), does not require a court to provide photocopies at public expense. Scott v. State , 2018 Ark. 75, 540 S.W.3d 279. Likewise, indigency alone does not entitle a petitioner to photocopies at public expense. Id.
To be entitled to copies at public expense, a petitioner must demonstrate a compelling need for the copies as documentary evidence to support an allegation contained in a timely petition for postconviction *362 relief. Id. Johnson has cited no postconviction remedy available to him and has otherwise made no showing of a compelling need. If there is indeed a remedy available, he has not demonstrated that there is any particular issue that he cannot adequately raise to the court without access to the material he seeks. Accordingly, he has failed to show that a copy of material from the direct appeal should be provided to him at no cost.
It should be noted that when material has been placed on file with either this court or the court of appeals, the material remains permanently on file with the clerk. Persons may review the material in the clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of material on file with the clerk may write to this court, remit the photocopying fee, and request that the copy be mailed to the prison. Id. All persons must bear the cost of photocopying unless this court has granted a motion for a copy of the requested material at public expense.
Motion denied.

In his signature on the motion, the spelling of Johnson's middle name is "Terrell," but the notice of appeal from the original judgment of conviction in Johnson's case and the docket entry in this court on direct appeal spells the name as "Turrell."