Cite as 2018 Ark. 377

# SUPREME COURT OF ARKANSAS

No. CR-97-1344

| | |
|---|---|
| ANDROUS HALL | Opinion Delivered December 20, 2018 |
| PETITIONER | |
| | PRO SE PETITION TO REINVEST |
| V. | JURISDICTION IN THE TRIAL COURT |
| | TO CONSIDER A PETITION FOR WRIT |
| STATE OF ARKANSAS | OF ERROR CORAM NOBIS |
| RESPONDENT | [PHILLIPS COUNTY CIRCUIT COURT, |
| | NO. 54CR-96-271] |
| | |
| | PETITION DENIED. |

**KAREN R. BAKER**, Associate Justice

Petitioner Androus Hall brings this petition to reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram nobis in his criminal case. In the petition, Hall contends that there were defects in both the trial and the appellate processes, and the evidence was insufficient to sustain the judgment.[1] Because Hall does not state a ground for the writ, the petition is denied.

I. *Nature of the Writ*

---

[1]Hall also alleges in his petition, without further explanation, that "newly discovered evidence" exists. Generally, newly discovered evidence, in itself, is not a ground for the writ. *Munnerlyn v. State*, 2018 Ark. 161, 545 S.W.3d 207; *see also Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). Hall's conclusory statement that there is newly discovered evidence does not warrant relief.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Background*

2

In 1997, a jury found Hall guilty of aggravated robbery, first-degree battery, and attempted rape. An aggregate sentence of 576 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Hall v. State*, CR-97-1344 (Ark. App. Nov. 18, 1998) (unpublished).

IV. *Claims of Error at Trial and on Direct Appeal*

Hall argues that the trial court and the Arkansas Court of Appeals made errors that amount to a breakdown in both the trial and the direct-appeal proceedings. We need not list the errors alleged by Hall because error by the trial court or the appellate court is not a ground to grant a writ of error coram nobis. Errors that occurred at trial could have been addressed at trial. Accordingly, assertions of trial error that were raised at trial, or which could have been raised at trial, are not within the purview of a coram nobis proceeding. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Such claims are not within the scope of the limited grounds on which the writ may issue, and a coram nobis action does not provide the petitioner with a means to retry his or her case. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

Likewise, any errors that occurred on direct appeal could have been addressed before the mandate of the appellate court was issued in a petition for rehearing and petition for review. We have held that a coram nobis proceeding is not a means to challenge the review conducted by the appellate court on direct appeal. *Id.* (holding that the petitioner in a coram nobis proceeding was not entitled to issuance of the writ based on claims of error by the court of appeals inasmuch as he could have filed a petition for

3

rehearing or review in accordance with Arkansas Supreme Court Rules 2-3 and 2-4 (2017) before the mandate of the court of appeals was issued).

## V. *Sufficiency of the Evidence*

Hall contends that the writ should issue because there was no DNA evidence presented at trial and there was no fingerprint evidence tying him to the offenses of which he was convicted. The assertions of insufficient evidence to sustain the judgment do not state a basis for granting a coram nobis petition. An attack on the sufficiency of the evidence constitutes a direct attack on the judgment and is not within the purview of a coram nobis proceeding. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are issues to be addressed at trial and, when appropriate, on the record on direct appeal. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

Petition denied.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring**. I concur with the disposition reached by the majority, insofar as Hall's claims do not sound in error coram nobis. The writ of error coram nobis exists to address allegations regarding facts extrinsic to the record, and there is no such allegation at issue here. However, there does appear to have been a breakdown in the appellate process in this case. Hall has never received appellate review of his 1997 convictions out of Phillips County, something to which he has a constitutional right, for reasons that appear to be in no way attributable to Hall. While

4

error coram nobis may not be suited to remedy this breakdown in the appellate process, the actual claims Hall attempted to raise in the appeal he sought from the 1997 convictions (to the effect that he was improperly sentenced on overlapping and duplicative charges), if meritorious, could still potentially be cognizable now in a habeas corpus proceeding or an action to correct an illegal sentence. Even so, there is nothing attached to Hall's petition, not even his confinement order, from which we could even assess such a claim at this juncture. Accordingly, his petition is properly denied.