JOHN DAN KEMP, Chief Justice
Pending before this court is a pro se second petition filed by petitioner Lawrence Edward Martin to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The State has filed a response to Martin's petition, and Martin subsequently filed a pending motion seeking leave to file a response to the State's response. Also pending is Martin's motion for file-marked copies at public expense of his petition, exhibits attached to the petition, his motion for leave to respond, and "any and all responses from the respondent should the court denie [sic] the petition." Finally, Martin has filed a motion for appointment of counsel.
Martin was convicted of the capital murder of his mother that was committed in the course of an aggravated robbery. He was sentenced to life imprisonment. We affirmed the conviction and sentence. Martin v. State , 328 Ark. 420, 944 S.W.2d 512 (1997). Because the proposed claims raised by Martin in his second petition are based on allegations that are not cognizable in coram nobis proceedings, we deny his petition to reinvest jurisdiction in the trial court so that he may file a petition for error coram nobis relief, which renders his motion seeking leave to file a response and his motion for appointment of counsel moot. We deny his motion for copies at public expense of the documents filed in this pending appeal.
The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. A writ of error *664 coram nobis is an extraordinarily rare remedy. Id. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Id. ; Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Roberts , 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Id.
The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. ; Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
In his first coram nobis petition, Martin raised three grounds for relief: that his arrest was a pretext for an illegal search; that the trial court failed to order a mental evaluation; and that new evidence showed that additional charges had been dismissed. See Martin v. State , 2012 Ark. 44 (per curiam). Martin's first petition was denied because it failed to state a claim that was extrinsic to the record or that was cognizable in coram nobis proceedings. Id. The same is true of this second petition.
In his second petition, Martin has raised multiple overlapping and conclusory grounds for relief that include allegations of a prejudicial jury-selection process; misleading and erroneous jury instructions; an unlawful arrest; prosecutorial misconduct; violation of his right to due process; ineffective assistance of counsel; and failure by this court to address adverse rulings on direct appeal in compliance with Arkansas Supreme Court Rule 4-3(h) (1995).
This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations in the proposed petition and the existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. Jones v. State , 2017 Ark. 334, 531 S.W.3d 384. This court is not required to accept at face value the allegations in the petition. Id. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. Rayford v. State , 2018 Ark. 183, 546 S.W.3d 475. Furthermore, errors that occurred at trial that could have been addressed at trial are not within the purview of coram nobis proceedings. Martinez-Marmol v. State , 2018 Ark. 145, 544 S.W.3d 49. A coram nobis action does not provide the petitioner with a means to retry his or her case. Id.
Here, Martin raises conclusory allegations regarding errors that occurred during the course of his trial and on direct appeal. Martin's allegations regarding the jury-selection process, erroneous jury instructions, an illegal arrest, and violations of his right to due process are all matters that were known and should have been challenged either at the time of Martin's trial or on direct appeal. Id. Likewise, Martin's allegations of prosecutorial misconduct include assertions that Martin was prosecuted without probable cause and *665 that the prosecutor provided misleading jury instructions that referenced charges that had been dismissed. These prosecutorial-misconduct allegations could have been raised at trial and are not extrinsic to the record. Martin does not make an allegation that the prosecutor withheld material evidence; therefore, Martin has not raised a cognizable claim based on prosecutorial misconduct. Id. (assertions of prosecutorial misconduct for the admission of "false evidence" could have been raised at trial and are not allegations of material evidence that was withheld by the prosecutor). With respect to Martin's allegations of his trial attorney's errors, this court has repeatedly held that ineffective-assistance-of-counsel claims are not grounds for the writ but are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1995). Wooten v. State , 2018 Ark. 198, 547 S.W.3d 683.
Finally, Martin's claim that this court failed to properly perform a Rule 4-3(h) review on direct appeal is equally unavailing. This court's opinion on direct appeal establishes that such a review was conducted, and in any event, errors that occurred on direct appeal could have been addressed in a petition for rehearing before the mandate of this court was issued. Hall v. State , 2018 Ark. 377, 562 S.W.3d 829 ; see also Martin , 328 Ark. at 433, 944 S.W.2d at 519 (no reversible errors found after a review of adverse rulings). A coram nobis proceeding is not a means to challenge the review conducted by the appellate court on direct appeal. Hall , 2018 Ark. 377, 562 S.W.3d 829. Martin fails to demonstrate entitlement to error coram nobis relief because he failed to establish an error of fact extrinsic to the record that could not have been raised in the trial court or on direct appeal, and his grounds for relief are simply not cognizable in such proceedings.
Finally, Martin has filed a motion seeking copies at public expense of documents filed in this court in connection with his pending coram nobis proceedings. In his motion, Martin contends that he is entitled to copies of public records and is in need of the copies to prepare a brief in the event that he will be required to petition this court for a rehearing if his petition is denied. Martin is mistaken.
The Arkansas Freedom of Information Act, codified at Arkansas Code Annotated sections 25-19-101 to -111 (Supp. 2017), does not require a court to provide photocopies at public expense. Johnson v. State , 2018 Ark. 226, 549 S.W.3d 360. Furthermore, indigency alone does not entitle a petitioner to photocopies at public expense. Id. To be entitled to copies at public expense, a petitioner must demonstrate a compelling need for the copies as documentary evidence to support an allegation contained in a timely petition for postconviction relief. Id. Martin has failed to demonstrate a compelling need for the copies that he has requested in his motion.
Petition denied; motion for leave to file a response and motion for appointment of counsel moot; motion for copies at public expense denied.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
The majority's denial of Mr. Martin's request for copies of certain documents is not grounded in either fact or in law. The majority misstates Mr. Martin's request and seeks to justify its decision pursuant to the Arkansas Freedom of Information Act, which is completely inapplicable to the case before us.
*666 In his motion filed on January 30, 2019, Mr. Martin requested "access to copies of the records, exhibits, respondent records; and admissible public records and reports, docket entries of records, [and this] court's own docket sheets." The list of documents he requested does not match the list of documents that the majority is denying him. The majority recites that it is denying Mr. Martin copies of "his petition, exhibits attached to the petition, his motion for leave to respond, and 'any and all responses from the respondent should the court denie [sic] the petition.' " The discrepancy between these two lists is obvious and unreconcilable.
The legal basis for the majority's decision is also erroneous. First and foremost, Mr. Martin did not file a request for documents pursuant to the Arkansas Freedom of Information Act. As noted, Mr. Martin requested "access to copies of the records." Because they are records in his criminal case, Mr. Martin is unquestionably entitled to these records. Ark. R. App. P.-Crim. 19. Accordingly, the majority's reliance on the Arkansas Freedom of Information Act is puzzling. Rule 19 directly addresses Mr. Martin's request; the Arkansas Freedom of Information Act does not.
I respectfully dissent.