Cite as 2020 Ark. 49

# SUPREME COURT OF ARKANSAS
Nos. CR-08-590 & CR-07-849

| | | |
|---|---|---|
| ALVIN MCCULLOUGH | **PETITIONER** | Opinion Delivered: January 30, 2020 |
| V. | | PETITION TO RECALL THE MANDATE TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A |
| STATE OF ARKANSAS | **RESPONDENT** | PETITION FOR WRIT OF ERROR CORAM NOBIS [WASHINGTON COUNTY CIRCUIT COURT, NOS. 72CR-07-1850; 72CR-07-179; 72CR-05-2951] |
| | | PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Pending before this court is Alvin McCullough's pro se petition to recall the mandate to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. McCullough alleges that he is entitled to the relief he seeks with respect to two separate convictions.

In his petition for relief, McCullough alleges that both his trial and his direct appeal were defective. Because McCullough's allegations fail to raise cognizable grounds for coram nobis relief or to recall the mandate,[1] we deny the petition.

## I. *Nature of the Writ*

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a

---

[1]McCullough primarily asks that the mandate be recalled so that the trial court can entertain a petition for writ of error coram nobis and nullify his convictions. However, McCullough makes a claim to recall the mandate based on an allegation that his federal court proceedings were dismissed because of unexhausted state-court claims, which is a recognized claim with respect to recalling the mandate. *See Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003) (setting forth the three factors considered in recalling a mandate). However, the federal court found that McCullough's claims were procedurally defaulted and were therefore exhausted. *See McCullough v. Kelley*, No. 5:15-CV-00162 JM-JTK, 2016 WL 1039521 (E.D. Ark. Feb. 25, 2016) (unpublished), report and recommendation adopted, No. 5:15-CV-00162 JM-JTK, 2016 WL 1047369 (E.D. Ark. Mar. 15, 2016) (unpublished). McCullough does not set forth an additional cognizable claim to recall the mandate but makes a conclusory assertion that the appellate procedure was defective because his convictions were affirmed. A defect in the appellate process is an error alleged to have been made by this court while reviewing a case in which the death sentence was imposed. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. Such an error is distinguishable from one that should have been raised to the trial court or one within our independent review under Arkansas Supreme Court Rule 4-3. *Id.*

fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

## II. *Background*

McCullough was initially convicted after a jury trial of two counts of residential burglary, attempted burglary, and revocation of suspended sentences incident to prior convictions for failure to register as a sex offender, sexual indecency with a child, and second-degree battery. He was sentenced to an aggregate term of 564 months' imprisonment for all the offenses. The Arkansas Court of Appeals affirmed. *McCullough v. State*, CACR-07-849 (Ark. App. Apr. 9, 2008) (unpublished). McCullough was subsequently convicted of rape, kidnapping, and residential burglary and was sentenced to life imprisonment without parole. We affirmed. *McCullough v. State*, 2009 Ark. 134, 298 S.W.3d 452.

The convictions from McCullough's first trial arose from two separate incidents where McCullough forcibly entered the homes of two female victims, K.M. and D.H. On both occasions, the victims successfully resisted McCullough's assault, and he fled the scene. Both victims testified at trial and positively identified McCullough as the assailant. *McCullough*, CACR-07-849 (Ark. App. Apr. 9, 2008).

In the second trial, McCullough was convicted of rape, kidnapping, and residential burglary. Testimony at trial and DNA recovered from the crime scene demonstrated that McCullough forcibly entered the home of a third victim, A.B., and raped her. In addition, the testimony from the two prior victims, K.M. and D.H., was admitted by the trial court pursuant to Rule 404(b) of the Arkansas Rules of Evidence. On appeal, McCullough challenged the admission of this testimony on the basis that the testimony was irrelevant and prejudicial. We found no error in the admission of the testimony because the circumstances surrounding the assault of A.B. were similar to the circumstances of the prior crimes. *McCullough*, 2009 Ark. 134, 298 S.W.3d 452. Moreover, we found that the testimony of the two prior victims was independently relevant because McCullough claimed that his encounter with A.B. was consensual. *Id.*

### III. *Grounds for Relief*

McCullough's claims for coram nobis relief are summarized as follows: (1) allegations of judicial bias, police misconduct during his interrogation, trial court error, and ineffective assistance of counsel; (2) challenges to the legality of his arrest, the procedure connected to the pretrial identification by the victims, the credibility of the

4

witness testimony, and the sufficiency of the evidence; and (3) contentions of a defective appellate procedure that allegedly overlooked multiple violations of his right to due process. McCullough primarily insists that he was unfairly prejudiced by the admission of the testimony of the two prior victims in his second trial, which, according to McCullough, represented a violation of double jeopardy in that he was tried twice for the crimes of which he was convicted in his first trial. In view of the nature of his claims, McCullough fails to state grounds for coram nobis relief.

This court is not required to accept at face value the allegations in the petition. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *Id.* Furthermore, errors that occurred at trial that could have been addressed at trial are not within the purview of coram nobis proceedings because such errors are not extrinsic to the record. *Id.* A coram nobis action does not provide the petitioner with a means to retry his or her case. *Id.*

McCullough's claims of judicial bias are based on his dissatisfaction with the trial court's rulings with respect to the admission of evidence, specifically with respect to the testimony of the victims from the prior trial. The mere fact that some rulings were adverse to the appellant is not enough to demonstrate judicial bias. *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288. McCullough's dissatisfaction with the trial court's rulings does not constitute a showing of extrinsic evidence that would have produced a different result. *Martinez-Marmol v. State*, 2018 Ark. 273, 544 S.W.3d 49.

5

McCullough's claim that the admission of the testimony of the two prior victims constituted a violation of the prohibition against double jeopardy is without merit, and in any event, double-jeopardy claims such as those raised by McCullough do not fall within any of the four categories of recognized claims in coram nobis proceedings. *Pelletier v. State*, 2015 Ark. 432, 474 S.W.3d 500. Finally, the admission of the testimony about which McCullough complains was addressed by this court on direct appeal, and the trial court's ruling was upheld. The writ does not lie to correct trial error or to contradict any fact already adjudicated. *Johnson v. State*, 2019 Ark. 176, 575 S.W.3d 407.

McCullough's allegations regarding an illegal arrest and violations of his right to due process are all matters that were known and should have been challenged either at the time of McCullough's trial or on direct appeal. *Martin*, 2019 Ark. 167, 574 S.W.3d 661. Likewise, McCullough's claims that his statement to investigators was the result of psychological manipulation is an issue that should have been raised at trial and on appeal and is not extrinsic to the record. *See Munnerlyn v. State*, 2018 Ark. 161, 545 S.W.3d 207 (The failure to give proper *Miranda* warnings is not within the purview of coram nobis proceedings.). The same is true with regard to McCullough's claims regarding the pretrial procedure involved in the victim identification. Objections to a pretrial identification of the accused must be raised at trial or the issue is waived. *See Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995).

McCullough's claims that counsel was ineffective are also not grounds for the writ. *Jones v. State*, 2019 Ark. 109, 571 S.W.3d 13. Coram nobis proceedings are not to be used

6

as a substitute for raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Id.*

McCullough challenges the credibility of the witness testimony and the sufficiency of the evidence supporting his convictions. The writ will not lie to retry the defendant or to reexamine the strength of the evidence adduced at trial. *Johnson*, 2019 Ark. 176, 575 S.W.3d 407. A challenge to the sufficiency of the evidence constitutes a direct attack on the judgment and is not cognizable in a coram nobis proceeding. *Id.*

Coram nobis proceedings are not a means to challenge the review conducted by an appellate court on direct appeal. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. McCullough's remedy to the alleged defective appellate review of his convictions lay in a timely petition for rehearing or review in accordance with Arkansas Supreme Court Rules 2-3 and 2-4 (2008). *Id.*

Petition denied.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that Mr. McCullough has not made a sufficient showing of entitlement to a writ of error coram nobis. However, I concur in the result for the reason stated in my concurrence in *French v. State*, 2019 Ark. 388, ___ S.W.3d ___.