Cite as 2021 Ark. 109

# SUPREME COURT OF ARKANSAS

No. CR–21–60

|  |  |
|---|---|
| | **Opinion Delivered** May 13, 2021 |
| TY-KWAH KHALIFA/MICHAEL MULDROW <br><br> PETITIONER <br><br> V. <br><br><br> STATE OF ARKANSAS <br> RESPONDENT | PRO SE PETITION FOR WRIT OF MANDAMUS [HEMPSTEAD COUNTY CIRCUIT COURT, NO. 29CR-12-257] <br><br><br> PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Ty-Kwah Khalifa, who is also known as Michael Muldrow, brings this pro se petition for writ of mandamus asking this court to compel the circuit court to conduct a hearing on his petition for writ of habeas corpus filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). Because Khalifa fails to demonstrate entitlement to issuance of the writ, it is denied.

Khalifa pleaded guilty to first-degree murder and was sentenced to 240 months' imprisonment by order entered on August 5, 2013. On August 26, 2020, Khalifa filed a petition for writ of habeas corpus asserting that the State withheld certain evidence held by the Arkansas State Crime Laboratory. Khalifa does not ask for a ruling on his habeas petition but instead asks that the circuit court be compelled to conduct a hearing on it.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675. A writ of

mandamus will not lie to control or review matters of discretion. *Id*. Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. Mandamus will compel a court to act when it should act, but it will not be used to tell the court how to decide a judicial question. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

A hearing is not required on a habeas petition—even when the petition alleges an otherwise cognizable ground—when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Jackson v. Kelley*, 2020 Ark. 255, 602 S.W.3d 743. Our statutory scheme does not mandate a hearing on a habeas petition regardless of the allegations contained in it. *Noble v. State*, 2019 Ark. 284, 585 S.W.3d 671. In sum, holding a hearing on a habeas petition is not a ministerial duty but is a discretionary decision with the circuit court based on its analysis of the allegations and evidence presented by the petition.

Petition denied.

*Ty-Kwah Khalifa*, pro se petitioner.

No response.