Cite as 2025 Ark. 152

# SUPREME COURT OF ARKANSAS

**No.** CV-24-502

|  |  |
|---|---|
| RICKY LEE SCOTT<br>APPELLANT<br><br>V.<br><br>RHONDA SULLIVAN, CIRCUIT CLERK;[1] ALVAH GRIGGS-WASHINGTON, COURT REPORTER, AND/OR SUCCESSOR KRISTY WHEELER; LINDA WORSTELL, COURT REPORTER; NILA KEELS, COURT REPORTER, AND/OR SUCCESSOR CARLA K. ASTIN; HON. L.T. SIMS II, JUDGE, AND/OR SUCCESSOR HON. DION WILSON, JUDGE; HON. HARVEY YATES, JUDGE, AND/OR SUCCESSOR HON. RICHARD L. PROCTOR, JUDGE; HON. ASHLEY HIGGINS, JUDGE, AND/OR SUCCESSOR HON. CHRISTOPHER W. MORLEY, JUDGE<br>APPELLEES | **Opinion Delivered:** October 16, 2025<br><br><br><br>PRO SE APPEAL FROM THE CROSS COUNTY CIRCUIT COURT<br>[NO. 19CV-19-158]<br><br><br><br><br><br>HONORABLE RALPH E. WILSON, JUDGE<br><br><br><br>AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

---

[1]The Arkansas Attorney General is not representing Rhonda Sullivan, circuit clerk, in this appeal because she is employed by the county and is not a state employee. Ark. Code Ann. § 14-14-1204(a)(1)(D) (Supp. 2019). The Arkansas Attorney General represents state agencies and state officials. *See* Ark. Code Ann. § 25-16-702(a) (Repl. 2024). Circuit judges and court reporters are classified as state employees. Ark. Code Ann. § 16-13-501 (Supp. 2023); Ark. Code Ann. § 21-8-102(a)(1)(J) (Repl. 2016).

Ricky Lee Scott appeals from the denial of his petition for writ of mandamus, in which he asked the circuit court to compel the appellees, who include circuit clerks, court reporters, and circuit judges, to produce transcripts of pretrial hearings that were held in 1996 and 1997 in his criminal case, docket no. 19CR-96-61. Scott contended that access to copies of the transcripts from these hearings was necessary to establish prosecutorial misconduct involving sexual harassment and a violation of Scott's right to a speedy trial. Scott also asserted that the transcripts contained exculpatory evidence. The circuit court denied Scott's request for mandamus relief, finding that his claims concerning the allegedly withheld transcripts were conclusory and that even if his allegations with respect to the contents of the transcripts were true, production of copies of the transcripts would have had no impact on Scott's conviction for first-degree murder.

In 1998, Scott was convicted by a Cross County jury of the first-degree murder of Robert Smith and was sentenced to life imprisonment. Smith was fatally shot while in the driveway of his aunt's home, along with four other individuals; several eyewitnesses testified and identified Scott as the shooter. *Scott v. State*, 337 Ark. 320, 989 S.W.2d 892 (1999). On appeal, Scott maintained that his right to a speedy trial had been violated. This court disagreed and affirmed. *Id.*

Thereafter, Scott filed multiple petitions for postconviction relief beginning with a petition filed pursuant to Arkansas Rule of Criminal Procedure 37.1, which was rejected by the circuit court and on appeal before this court. *Scott v. State*, 355 Ark. 485, 139 S.W.3d 511 (2003). In his Rule 37.1 petition and on appeal, Scott argued that he was entitled to relief due to a failure to create and provide this court with a complete record sufficient to

allow a meaningful review. This court found that any issues arising from errors relating to pretrial release and bond hearings were moot because Scott had been convicted. *Id*. at 492, 139 S.W.3d at 516. This court also rejected Scott's claim pertaining to a transcript of an alleged September 13, 1996 hearing, finding that there was no evidence in the record that a hearing had taken place on September 13. *Id*.

In addition, Scott has filed five petitions to reinvest jurisdiction in the circuit court to consider a writ of error coram nobis. In his fifth petition, Scott alleged prosecutorial misconduct by Deputy Prosecutor Joseph Boeckmann, contending that he was prosecuted because he refused Boeckmann's sexual advances. This court held that Scott failed to demonstrate that Boeckmann's alleged misconduct played any part in obtaining critical witness statements that positively identified Scott as the shooter. *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451. Finally, Scott has filed petitions for writs of habeas corpus that were rejected by the circuit court and by this court. The most recent habeas petition was filed in 2021 and denied by the circuit court; this court affirmed on appeal. *Scott v. Payne*, 2022 Ark. 178, 652 S.W.3d 562.

In his mandamus petition and in his arguments on appeal, Scott maintains that the transcripts of certain pretrial hearings conducted before his murder trial have been withheld by the appellees. Specifically, Scott contends that bond hearings held on March 25, 1996, and June 28, 1996, as well as trial-scheduling hearings held on September 13, 1996, and January 3, 1997,[2] were not included in the record on direct appeal and have never been

---

[2]Scott also asks for the transcripts of pretrial hearings in a separate criminal case, 19CR–95–255, that were allegedly held on April 11, June 28, and July 15, 1996. The circuit

3

produced by the circuit clerk, court reporters, and circuit judges. According to Scott, the transcripts would establish that he was sexually harassed by Deputy Prosecutor Boeckmann and that his right to a speedy trial was violated. Scott further maintains that the transcripts contain exculpatory evidence, and the circuit court abused its discretion when it refused to compel the circuit clerk, circuit judges, and court reporters named in his mandamus petition to produce copies of those transcripts at public expense.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Khalifa v. State*, 2021 Ark. 109. A writ of mandamus will not lie to control or review matters of discretion. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Id.* A petitioner requesting the writ must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Jefferson Cnty. Election Comm'n v. Wilkins ex rel. Jefferson Cnty.*, 2018 Ark. 184, 547 S.W.3d 58. The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Gonder v. State*, 2024 Ark. 63, 686 S.W.3d 786. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.*

Scott has not established a clear and certain right to copies of transcripts at public expense. To be entitled to copies of material at public expense, a petitioner must demonstrate a compelling need for the copies as documentary evidence to support an

---

court reviewed the record and found that these pretrial hearings were connected to a case that was dismissed and were not related to Scott's murder conviction.

4

allegation contained in a petition for postconviction relief. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661.

Scott has exhausted multiple avenues of relief by filing petitions for postconviction relief pursuant to Rule 37.1, for writs of habeas corpus, and for writs of error coram nobis, all of which have been rejected. His allegation that the transcripts will demonstrate a speedy-trial violation is not a viable postconviction claim because an alleged speedy-trial violation, standing alone, is not a defect sufficient to void a judgment. *Marshall v. State*, 2020 Ark. 66, 594 S.W.3d 78. In addition, the speedy-trial issue was raised and decided in his direct appeal, and claim preclusion bars relitigating an issue that has been presented, litigated, and denied. *Burgie v. State*, 2025 Ark. 94 (setting out the five factors for the application of claim preclusion). Moreover, Scott's prosecutorial-misconduct claim should have been raised at trial, and Scott does not demonstrate that the claim is cognizable in a postconviction proceeding. *See Jefferson v. State*, 2023 Ark. 38, 660 S.W.3d 575. In any event, the issue was presented, addressed, and rejected by this court in Scott's fifth petition to reinvest jurisdiction to consider a writ of error coram nobis, and the issue is also precluded from being relitigated. *See Scott*, 2019 Ark. 94, 571 S.W.3d 451. The circuit court correctly found that the allegedly withheld transcripts concerning bond and scheduling matters were not relevant to Scott's guilt on the charge of first-degree murder, which was witnessed by multiple individuals who were at the scene when Smith was fatally shot. *Scott*, 355 Ark. 485, 139 S.W.3d 511. Scott has not demonstrated a compelling need for copies of the alleged missing transcripts to support an available postconviction remedy. Therefore, he has failed to demonstrate a clear and certain right to copies of the transcripts at public expense.

Furthermore, Scott has not established that circuit clerks, circuit judges, and court reporters have a nondiscretionary duty to produce copies of transcripts of criminal proceedings at public expense under the present circumstances. Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Davis v. Payne*, 2023 Ark. 119, 673 S.W.3d 436. Scott cites regulations applicable to court reporters that require reporters to maintain their records, including transcripts of legal proceedings. However, Scott has not cited any statute or regulation that requires a court reporter or any other court official to produce a transcript of legal proceedings at public expense at the request of a convicted offender. As stated above, the duty to provide a transcript to a convicted felon at public expense is discretionary and conditioned on a finding that the petitioner has demonstrated a compelling need for the copies. A ministerial duty is nondiscretionary and is one that is dictated by the constitution or by statute. *Safe Surgery Ark. v. Thurston*, 2019 Ark. 403, 591 S.W.3d 293. Scott has failed to establish that the appellees have a ministerial duty to provide copies of the requested transcripts. Accordingly, the circuit court did not abuse its discretion when it denied Scott's petition for writ of mandamus.

Affirmed.

Special Justice CORY COX joins.

WOMACK, J., concurs.

BRONNI, J., not participating.

6

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority's decision to affirm the denial of Rick Scott's petition for a writ of mandamus against the county appellees. However, because sovereign immunity bars Scott's petition against the circuit judges, I would dismiss that portion of his appeal.[1]

I respectfully concur.

*Ricky Lee Scott*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walter K. Hawkins*, Ass't Att'y Gen., for appellee.

---

[1] *Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting).