Cite as 2026 Ark. 36

# SUPREME COURT OF ARKANSAS

**No.** CV–25–332

| | |
|---|---|
| ANTHONY WILLIAMSON<br><br>APPELLANT<br><br>V.<br><br>THEODORE BROWN, DIRECTOR, ARKANSAS STATE CRIME LABORATORY<br><br>APPELLEE | **Opinion Delivered:** February 19, 2026<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-24-2239]<br><br>HONORABLE CARA CONNORS, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Anthony Williamson is serving thirty years' imprisonment for aggravated robbery and kidnapping.[1] He requested the Arkansas State Crime Laboratory (Crime Lab) provide him with records. Despite the Crime Lab sending him records relevant to every matter involving him, he believes he is entitled to more. Because of this dispute, he filed a petition for declaratory judgment and writ of mandamus. Following a hearing, the circuit court entered summary judgment for the Crime Lab. It found that Williamson could not identify any unproduced records for the court to order the Crime Lab turn over. He appeals, and we affirm the circuit court's decision.

---

[1] *Williamson v. State*, 2010 Ark. App. 595.

In January 2024, Williamson requested that the Crime Lab produce records related to fifteen criminal cases under Arkansas Code Annotated section 12–12–312(a)(1)(A)(ii)*(a)* (Supp. 2021). It produced all the records of his recent criminal conviction and all his "related prior criminal cases," even those he did not seek. Yet it did not provide records for the cases in which he was not a defendant.

Dissatisfied with the Crime Lab's responses, Williamson filed a petition for declaratory judgment and writ of mandamus. The Crime Lab moved for summary judgment and attached an affidavit by Sammy Williams, a Crime Lab director. Williams affirmed that all documents related to Williamson's most recent conviction in case number 66FCR–08–1236[2] together with documents connected to previous convictions had been provided to Williamson.[3]

At the summary-judgment hearing, both Williams and Williamson testified. Williams again affirmed that the Crime Lab had provided Williamson with all records connected to Williamson's cases. Williams further testified that the additional records requested by Williamson were not related to his criminal cases. He explained that the other cases also had

_____

[2]The record reveals that this criminal docket number from Sebastian County was referred to throughout pleadings and testimony at the hearing as CR–2008–1236. The Crime Lab numbers associated with case number CR–2008–1236, as established by Williams's affidavit and testimony, are Crime Lab record numbers 2007–012616 and 2007–018193. Williams explained that record number 2007–018193 included documents connected to a sample prep of collected DNA.

[3]Williams's affidavit and testimony was that the Crime Lab provided Williamson the records from his previous criminal cases bearing Crime Lab record numbers 2005LIT–13114, 2006–08191, and 2007–004934.

DNA samples sent to Orchid Cellmark for testing (likely in the same batch, which explains why Williamson saw the case numbers in his records).

Williamson introduced over two hundred pages of the records the Crime Lab provided him. Yet he insisted that more were missing. The circuit court patiently and extensively asked Williamson to precisely identify what was missing. He could not identify any documents that the circuit court could not find in the records or that he was entitled to under the statute. The court granted summary judgment because there were no material facts in dispute and no justiciable controversy. On appeal, Williamson insists that the circuit court abused its discretion. We affirm.

Summary judgment is appropriate when there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Gates v. Hudson*, 2025 Ark. 48, at 5, 711 S.W.3d 142, 147. Williamson filed a petition for declaratory relief that he was entitled to records from the Crime Lab and a writ of mandamus that the court order the Crime Lab to produce them. Declaratory relief may be granted if the petitioner establishes (1) that there is a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Rogers*, 2017 Ark. 267, 527 S.W.3d 719. Additionally, the purpose of a writ of mandamus is to enforce an established right. *Scott v. Sullivan*, 2025 Ark. 152, at 4, 720 S.W.3d 865, 868. A petitioner requesting the writ must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.*

Our de novo review reflects that on summary judgment, the Crime Lab established, through pleadings, Williams's affidavit, records, and subsequent testimony, a prima facie case that there were no material issues of fact in dispute. The Crime Lab had complied with section 12-12-312(a)(1)(A)(i) and (ii). It produced all records that were required and did not produce those that were prohibited. Once the burden shifted, Williamson could not identify any missing records he was entitled to and thus could not meet his burden to demonstrate the existence of material disputed facts. Once the moving party establishes its prima facie case, the opposing party must meet proof with proof. Williamson failed. It follows, then, that Williamson has failed to demonstrate a clear and certain right to the issuance of a writ of mandamus. *Scott*, 2025 Ark. 152, 720 S.W.3d 865. We find the circuit court did not err in granting summary judgment, and we affirm.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Williamson improperly made the State a defendant when he petitioned for

---

[1]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2]*Id.*

mandamus and declaratory relief in a new civil action below, 60CV-24-2239.[3]  Instead, he should have petitioned in his related, underlying criminal case.  Accordingly, this court, like the circuit court below, lacks jurisdiction.  For these reasons, the circuit court's order must be reversed and the case dismissed.

*Anthony Williamson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Chelsea Harvey*, Ass't Att'y Gen., for appellee.

---

[3]*See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).